1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Innovative Sports Management, Inc.,    )    CV 12-1884-PHX-PGR
                                            )
10              Plaintiff,                   )
                                            )
11   v.                                     )    **ORDER**
                                            )
12   Alan Antar, et al.,                    )
                                            )
13              Defendant.                  )
                                            )
14   _____

15         Before the Court is Plaintiff's Application for Default Judgment, seeking judgment

16   against Defendant Antars Sports Bistro, LLC, an unknown business entity d/b/a Antars Sports

17   Bistro a/k/a Gym Bar and Grill ("Defendant"). (Doc. 17.) Having reviewed the record, the

18   Court finds that the application should be granted pursuant to Fed.R.Civ.P. 55(b)(2) to the

19   extent that the Court will award Plaintiff the sum of $6,001 in damages, as well as its

20   recoverable costs, including reasonable attorney's fees, if timely sought.

21                                   **Background**

22         Plaintiff alleges that Defendant showed a closed-circuit boxing telecast entitled

23   *"Mexican Fiesta": Morales v. Limond* ("the program") at its establishment on September 11,

24   2010. (Doc. 1.) The complaint alleges that the program was shown without authorization as

25   Defendant never purchased a commercial license to do so from the Plaintiff, which held the

26   exclusive commercial distribution rights to the program. (*Id.*) The complaint raises three

27   claims: a violation of 47 U.S.C. § 605, the Federal Communications Act of 1934 (Count I);

28   a violation of 47 U.S.C. § 553, the Cable & Television Protection and Competition Act of

1  1992 (Count II); and conversion (Count III). (*Id.*)

2  The record establishes that Defendant was served on November 20, 2012. (*See* Doc.
3  10.) Defendants did not respond to the complaint, and Plaintiff filed an application for entry
4  of default on January 16, 2013. (Doc. 12.) The Clerk of the Court entered default on January
5  17, 2013. (Doc. 13.)

6  **Discussion**

7  Plaintiff's application for default judgment addresses only 47 U.S.C. § 605. The
8  general rule of law is that upon default all well pleaded factual allegations of the complaint
9  regarding liability, but not those relating to damages, are taken as true. *DIRECTV, Inc. v.*
10  *Huynh*, 503 F.3d 847, 851 (9th Cir. 2007); *Geddes v. United Financial Group*, 559 F.2d 557,
11  560 (9th Cir. 1977). By defaulting, Defendant admits that it "did unlawfully intercept, receive,
12  publish, divulge, and/or exhibit the *Program* at the time of its transmission at their
13  commercial establishment" and that they did so "willfully and for purposes of direct and/or
14  indirect commercial advantage and/or private financial gain" in violation of § 605. (Doc. 1,
15  ¶¶ 19, 20.)

16  Plaintiff seeks damages pursuant to § 605, which provides for statutory damages per
17  violation "of not less than $1,000 or more than $10,000, as the court considers just." 47
18  U.S.C. § 605(e)(C)(i)(II). Section 605 further permits an additional discretionary award of
19  enhanced damages of up to $100,000 if the court determines that the defendants willfully
20  violated the statute for commercial advantage or financial gain. 47 U.S.C. § 605(e)(3)(C)(ii).
21  Plaintiff seeks the maximum damages under both subsections, for a total award of $110,000,
22  plus $1750 in conversion damages.

23  Plaintiff has submitted an affidavit by an investigator who was present at Defendant's
24  establishment on the night of the broadcast. According to the affidavit, the restaurant had 29
25  televisions. (Doc. 17, Ex. 3.) The number of patrons present during the investigator's visit
26  ranged from 63 to 72 . (*Id.*) The capacity of the establishment is "approximately 404 people."
27  (*Id.*) There was no cover charge. (*Id.*)

28

- 2 -

1           Based on this record, the Court concludes that the maximum statutory damages award

2   sought by Plaintiff is disproportionate, *see, e.g.*, *Innovative Sports Management, Inc. v.*

3   *Gonzalez*, No. CV-12-0381-PGR, 2012 WL 3762436, at *2 (D.Ariz. Aug. 29, 2012); *Joe*

4   *Hand Promotions, Inc. v. Streshly*, 655 F.Supp.2d 1136, 1139 (S.D.Cal. 2009), but an amount

5   greater than the minimum is appropriate. Therefore, Court will award $2,000 in statutory

6   damages pursuant to § 605(e)(3)(C)(i)(II).

7           In determining whether a defendant's conduct is subject to enhanced damages for

8   willfulness, courts assess a variety of factors, "including prior infringements, substantial

9   unlawful monetary gains, significant actual damages to the plaintiff, the defendant's

10  advertising of the broadcast, and the defendant's charging a cover charge or premiums for

11  food and drinks during the broadcast." *Kingvision Pay-Per-View, Ltd. v. Guzman*, No. CV-07-

12  963-PHX-PGR, 2008 WL 1924988, at *3 (D.Ariz. April 30, 2008). The record does not

13  indicate that Defendant advertised the program or charged a premium for food and drink; nor

14  did Defendant did not impose a cover charge. However, the program was shown on multiple

15  screens, and the record indicates that Defendant is a repeat violator. (Doc. 17, Ex. 4.) In light

16  of this evidence, and taking into consideration the deterrent effect of an enhanced award under

17  § 605, the Court will award $4,000 in enhanced damages pursuant to § 605(e)(3)(C)(ii).

18          The complaint also alleges a claim for conversion, seeking damages of $1750. Plaintiff

19  offers no support for damages in that amount. Under Arizona law, only an award of nominal

20  damages for conversion may be made if actual damages are not proven. *SWC Baseline &*

21  *Crimson Investors, LLC v. Augusta Ranch Limited P'ship*, 265 P.3d 1070, 1092

22  (Ariz.App.2011). Given the absence of factual and legal support for the requested award, the

23  Court will award nominal damages of $1.00 for the conversion claim. *See Innovative Sports*

24  *Management*, 2012 WL 3762436, at *3; *J&J Sports Production, Inc. v. Barrio Fiesta of*

25  *Manila Restaurant LLC*, No. CV-11-2216-PHX-JAT, 2012 WL 2919599, at *2 (D.Ariz. July

26  17, 2012).

27          Plaintiff also requests an award of reasonable attorney's fees and relevant costs.

28

- 3 -

1   Section 605(e)(3)(B)(iii) provides that the court "shall direct the recovery of full costs,

2   including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff

3   does not set forth a requested amount, but seeks 14 days from entry of judgment to submit its

4   request for costs and attorneys' fees.

5          The Court will require Plaintiff to submit an itemized list of attorney's fees no later

6   than April 12, 2013, wherein it details the actual time expended by task (taking into account

7   any "boilerplate" pleading and motion related forms used by its attorney in this type of action)

8   and the hourly rate charged, and details its costs.

9          Accordingly,

10         **IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 17) is granted

11  against Defendant Antars Sports Bistro, LLC, an unknown business entity d/b/a Antars Sports

12  Bistro a/k/a Gym Bar and Grill, and in favor of Plaintiff Innovative Sports Management, Inc.,

13  in the amount of $6,001. The Clerk of Court shall enter judgment accordingly.

14         **IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Extension of

15  Time (Doc. 11).

16         DATED this 12th day of March, 2013.

17

18

19         Paul G. Rosenblatt
           United States District Judge

20

21

22

23

24

25

26

27

28